IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:05 CV 69

| | | |
|---|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, <br>     Plaintiff, <br><br> vs. <br><br> SCHENKEL & SHULTZ, INC., Formerly known as SCHENKEL & SHULTZ ARCHITECTS, P.A., <br>     Defendants, <br><br> And <br><br> SCHENKEL & SHULTZ, INC., <br>     Third-Party Plaintiff, <br><br> vs. <br><br> HERMON F. FOX & ASSOCIATES, P.C. <br>     Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss, Answer, & Affirmative Defenses of Third-Party Defendant Hermon F. Fox & Associates, P.C." (Document No. 10) and corresponding "Memorandum of Law in Support of Motion to Dismiss of Third-Party Defendant Hermon F. Fox & Associates, P.C." (Document No. 11), filed June 27, 2005; the "Memorandum of Law of Schenkel & Shultz, Inc. in Opposition of Motion to Dismiss by Third-Party Defendant" (Document No. 14), filed July 14, 2005; the "Reply to Memorandum of Law of Schenkel & Shultz, Inc. in Opposition of Motion to Dismiss by Third-Party Defendant" (Document No. 16), filed July 21, 2005; and the "Supplement to Reply to Memorandum of Law of Schenkel &

Shultz, Inc. in Opposition of Motion to Dismiss by Third-Party Defendant" (Document No. 17), filed August 8, 2005 by Fox. The parties have consented to magistrate jurisdiction under 28 USC § 636(c), and this matter is now ripe for disposition.

Having carefully considered the arguments of the parties and the record, the undersigned will grant the "Motion to Dismiss" (Document No. 10).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 1998, the Charlotte-Mecklenburg Board of Education ("CMS") entered into a contract with Schenkel & Shultz, Inc. ("Schenkel Shultz") for work related to the construction of the Phillip O. Berry Academy, a vocational technical high school. Schenkel Shultz agreed to provide design and design-related services for the project. Schenkel Shultz then entered into agreements with several other contractors to provide services during the construction of the project. Schenkel Shultz hired Hermon F. Fox & Associates, P.C. ("Fox") as the structural consultant and engineer. Fox's duties included designing the project's steel structure. Schenkel Shultz alleges CMS became dissatisfied with portions of the project and notified Schenkel Shultz of its dissatisfaction and its intent to pursue and recover damages. Schenkel Shultz notified Fox regarding CMS's claims and Schenkel Shultz's intention to hold Fox responsible.

Schenkel Shultz filed an action against Fox in the Mecklenburg County Superior Court on October 1, 2004, case number 04 CVS 17582 ("State Court Action"). Schenkel Shultz asserted claims for negligence and professional malpractice, breach of contract, breach of warranty, and indemnity against Fox in the State Court Action. Fox moved for summary judgment on the claims for negligence and professional malpractice, breach of contract, and breach of warranty. On February 25, 2005, the Mecklenburg County Superior Court entered a judgment in favor of Fox on

these claims.

On January 25, 2005, CMS filed the instant action against Schenkel Shultz in the Mecklenburg County Superior Court (Case No. 04 CVS 22725). CMS set forth breach of contract, professional malpractice, and breach of warranty claims in its complaint stemming from alleged defects in the structural steel portion of the project. Schenkel Shultz removed the case to this Court pursuant to 28 USC § 1441 and § 1446, and filed a third-party complaint against Fox on February 17, 2005. In its third-party complaint, Schenkel Shultz sets forth claims for negligence, breach of contract, breach of warranty, and indemnity against Fox.

On August 8, 2005, the Mecklenburg County Superior Court entered another summary judgment order in favor of Fox in the State Court Action. This second order disposed of the remaining claim against Fox - the indemnity claim. The state court's two summary judgment orders have combined to dispose of all of Schenkel Shultz's claims against Fox pending in the Mecklenburg County Superior Court in case number 04 CVS 17582.

## II. DISCUSSION

The Third-Party Defendant, Fox, has moved for dismissal of Schenkel Shultz's third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Specifically, Fox contends Schenkel Shultz's claims are barred by *res judicata*. In its response, filed before entry of the second summary judgment order in the State Court Action, Schenkel Shultz argued that the state court's judgment did not have *res judicata* effect in this Court because it was interlocutory and not final. For the reasons stated below, the Court finds that *res judicata* does indeed bar Schenkel Shultz's claims against Fox in the instant case.

3

Dismissal under Fed. R. Civ. P. 12(b)(6) is governed by certain standards. "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Under Fed. R. Civ. P. 8(c), *res judicata* is generally considered an affirmative defense raised in the answer. However, the affirmative defense of *res judicata* may be raised under Fed. R. Civ. P. 12(b)(6) "only if [the defense] clearly appears on the face of the complaint." Richmond, Fredericksburg & Potomac Railroad Company, 4 F.3d 244, 250 (4th Cir. 1993).

Additionally, "when entertaining a motion to dismiss on the grounds of *res judicata* a court may judicially notice facts from a prior judicial proceeding." Briggs v. Newberry County School District, 838 F.Supp. 232, 234 (D. S.C. 1992). See also Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992). In the present case, the Court takes judicial notice of the rulings of the Mecklenburg County Superior Court in the State Court Action. Under Fed. R. Evid. 201(b), a court may take judicial notice of facts not subject to reasonable dispute, which includes facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court may properly assert judicial notice at this time under Fed. R. Evid. 201(f), which allows judicial notice to be taken at any stage of the proceeding. Judicial notice taken within a civil proceeding is deemed as a conclusive fact under Fed. R. Evid. 201(g).

Fox moves for dismissal of the third-party complaint on the grounds of *res judicata*. Fox contends the summary judgment orders entered by the state court adjudicated all claims between the parties. When considering the *res judicata* effect of a state court judgment, "[a] federal court, as a

4

matter of full faith and credit, under 28 U.S.C. § 1738, must give a state court judgment the same preclusive effect 'as the courts of such State' would give." In re Heckert, 272 F.3d 253, 257 (4th Cir. 2001). See also Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Therefore, the undersigned must analyze the motions as a North Carolina state court would.

North Carolina recognizes the importance of *res judicata*. *Res judicata* supports important policy goals: "(1) that each person have his day in court to completely adjudicate the merits of his claim for relief; and (2) that the courts must demand an end to litigation when a claimant has exercised his right and a court of competent jurisdiction has ruled on the merits of his right." Blake v. Norman, 37 N.C.App. 617, 624 (1978). Under North Carolina law, the elements of *res judicata* are: "(1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an identity of parties or their privies in both suits." Green v. Dixon, 137 N.C.App. 305, 307 (2000). In the present case, the sole element of contention is the requirement of a final judgment on the merits in an earlier lawsuit. The parties appear to agree that the causes of action and the parties in both actions are identical. Therefore, the Court must examine whether there has been a final judgment on the merits to determine if *res judicata* applies to ban Schenkel Shultz's third-party complaint.

In North Carolina, a judgment is either final or interlocutory. "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Green v. Dixon, 137 N.C.App. 305, 307 (2000) (citing Veazey v. City of Durham, 231 N.C. 357, 361-362 (1950)). Alternatively, "[a]n order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." Green, 137 N.C.App. at 307 (citing

5

N.C. Dept. of Transportation v. Page, 119 N.C.App. 730, 733 (1995)). "In general, a cause of action determined by an order for summary judgment is a final judgment on the merits." Green, 137 N.C.App. at 307. Partial summary judgment, however, has been deemed to be an interlocutory order. "An order ... granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order. Pratt v. Staton, 147 N.C.App. 711, 773 (2001). Therefore, the outcome seems to hinge on whether all the claims have been disposed of by the trial court.[1]

Applying these principles to the instant case, Fox sufficiently establishes the three requirements of *res judicata* regarding Schenkel Shultz's federal action, and the Court finds that its third-party complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

First, the Court finds that the two summary judgment orders issued by the state court collectively operate as a final judgment on the merits. Under North Carolina law, summary judgment orders are interpreted as decisions on the merits. Schenkel Shultz's opposition, however, is based upon the requirement of finality. It argues the summary judgment orders are purely interlocutory, rather than final, and have not disposed of all the claims. Originally, the Court may have given merit to this argument when the summary judgment granted by the trial court was only partial. However, it is clear that the most recent summary judgment order entered by the state court on August 8, 2005, after Schenkel Shultz filed its brief in opposition, disposed of the remaining issue facing the trial court. Nothing remains to be judicially determined between the parties by the state court. Therefore, Fox's motion satisfies the first requirement of *res judicata*.

---

[1] The Court also notes that the pendency of appeal has no influence on the determination of *res judicata* because the test relies on the adjudication of the claims by *the trial court*. Green, 137 N.C.App. at 307 (citing Veazey v. City of Durham, 231 N.C. 357, 361-362 (1950)).

As stated above, for *res judicata* to apply, Fox must also demonstrate an identity of both the cause of action and the parties in the state court action and the instant case. Although the claims presented to the state court and to this Court are worded slightly differently, they essentially present the same causes of action to each court. The parties, Schenkel Shultz and Fox, are identical in both the state court action and the instant case. Neither party disputes that these identity requirements have been met. All elements of res judicata have been established.

In sum, Schenkel Shultz and Fox have both received their day in court to litigate these claims. A final judgment has been rendered by the Mecklenburg County Superior Court regarding these claims, and this Court is required to give that judgment full faith and credit. Ignoring *res judicata* and the policies underlying that doctrine would improperly provide Schenkel Shultz with a second bite at the apple to litigate its claims. Accordingly, the Court finds that Schenkel Shultz's third-party claim against Fox is barred by *res judicata*.[2]

### III. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Fox's Motion to Dismiss (Document No. 10) is **GRANTED**.

Signed: June 12, 2006

David C. Keesler
United States Magistrate Judge

---

[2] In light of this ruling, the Court declines to address Fox's alternate grounds asserted in support of its Motion to Dismiss.