# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-69-DCK

| | |
|---|---|
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SCHENKEL & SHULTZ, INC., formerly known as SCHENKEL & SHULTZ ARCHITECTS, P.A., | )<br>)<br>) |
| Defendant. | )<br>) |
| _____) | **ORDER** |
| SCHENKEL & SHULTZ, INC., | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| HERMON F. FOX & ASSOCIATES, P.C., | )<br>)<br>) |
| Third-Party Defendant.) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Supplemental Brief Consent Motion to Partially Vacate" (Document No. 40) filed May 27, 2008 by the Defendant/Third-Party Plaintiff Schenkel & Shultz, Inc., with the consent of the Plaintiff Charlotte- Mecklenburg Board of Education and Third-Party Defendant Hermon F. Fox & Associates ("Fox"). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the motion, the record, and the applicable authority, and it appearing to the Court that (1) this Court's Order of June 12, 2006 was based upon an August 8, 2005 order of the Mecklenburg County Superior Court in case number 04 CVS 17582 granting summary judgment in favor of Fox (the "State Court Order"); (2) the portion of the State Court Order dismissing Schenkel Shultz's claim for express contractual indemnification has been reversed by the North Carolina Supreme Court; and (3) based upon the economic implications of proceeding in two forums, the parties have agreed to dismiss their claims in state court and proceed in this Court;

**IT IS THEREFORE ORDERED** that this Court's Order (Document No. 18) of June 12, 2006 dismissing all of Schenkel Shultz's claims against Fox on the basis of *res judicata* is hereby **VACATED** solely as to Schenkel Shultz's Third Cause of Action against Fox for express contractual indemnification. Accordingly, Defendant's "Motion to Vacate Judgement Pursuant To Rule 60(b)" (Document No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the **STAY** of this case shall be immediately lifted and that the parties shall conduct an Initial Attorney's Conference and submit a proposed case management plan pursuant to Local Rule 16.1, on or before **June 20, 2008**.

**SO ORDERED**.

Signed: June 5, 2008

David C. Keesler
United States Magistrate Judge